IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Orlando Ra'palo, and Luis Galeana, On Behalf of Themselves and All Others Similarly Situated<br>Plaintiffs,<br><br>v.<br><br>Lucas Designs Incorporated and Brian Richard Lucus, *individually*,<br><br>Defendants. | CIVIL ACTION NO.: 9:17-cv-00710-DCN<br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiffs Orlando Ra'palo, and Luis Galeana, individually, and on behalf of all others similarly situated, by way of their Complaint, allege and show unto this Honorable Court the following:

## NATURE OF CLAIM

1. Plaintiffs bring this lawsuit seeking recovery against Defendants for Defendants' overtime violations under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. The Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and other similarly situated employees of the Defendants who suffered damages as a result of Defendants' violations of the FLSA.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Orlando Ra'palo is a resident of Blufton, South Carolina.

4. Plaintiff Luis Galeana is a resident of Blufton, South Carolina.

5. Defendant, Lucas Design Incorporated, is a for-profit corporation, registered with the South Carolina Secretary of State.

6. Defendant, Brian Richard Lucus, is the owner, of profit corporation that employs persons such as Plaintiffs and other similarly situated painters to work on his behalf in providing labor for his business. Defendant is within the personal jurisdiction and venue of this Court.

7. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Beaufort Division in South Carolina District Court. Additionally, the unlawful labor practices and policies giving rise to Plaintiffs' claims were committed in the Beaufort Division of this Court.

8. This Court has jurisdiction of the Plaintiffs' claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

## FACTS

9. Defendant Lucas Design Incorporated. is a full service Commercial Painting Contractor serving customers throughout Hilton Head, Bluffton, Beaufort, and Savannah, Georgia. All the work performed by Lucas Designs is completed with their own crews without the use of any subcontractors http://www.lucasdesignsinc.com/

10. Defendant Brian Richard Lucas is the owner operator of Lucas Designs Incorporated. Defendant Lucas acted directly and/or indirectly in the interest of Defendants in relation to Plaintiffs and similarly situated employees. Defendant Lucas owns and manages Lucas Design Incorporated, and regularly exercises the authority to

hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By such control and authority, Defendant Lucas was an employer of Plaintiffs as such term is defined by the Act. 29 U.S.C. §201 *et seq*.

11. Plaintiffs were employed as residential and commercial painters. Plaintiffs' primary duties involved interior and exterior painting of resorts, retail restaurants, government and municipal buildings.

12. Plaintiff Orlando Ra'palo was employed by the Defendants from approximately August of 2015 until approximately August 2016.

13. Plaintiff Luis Galeana was employed by the Defendants from approximately March of 2016 until approximately August of 2016.

14. Plaintiffs and other similarly situated painters had an employment agreement with the Defendants, whereby the Defendants agreed to pay them an hourly wage for all hours worked and this compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

15. Plaintiffs and other similarly situated painters were paid in cash and were not paid overtime compensation. This caused Plaintiffs and similarly situated painters to work longer than forty (40) hours in a week without being compensated at a rate of one-and-a-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

16. Plaintiffs and similarly situated painters, worked six (6) days a week. Sometimes they worked as many as twelve (12) hours a day.

17. Plaintiffs and similarly situated painters regularly worked approximately fifteen (15) to twenty (20) hours a week without receiving overtime compensation.

18. Defendants knew that Plaintiffs and similarly situated painters were working over forty hours a week and were not being paid overtime.

19. At all times, relevant to this complaint, Plaintiffs and other similarly situated employees were non-exempt employees for purposes of the overtime compensation provisions of the FLSA.

20. Because of the Defendants' policies and practices set forth above, the Defendants violated the rights of the Plaintiffs and similarly situated painters by failing to pay these employees time and half of their hourly wage.

21. Defendants actions were not in good faith or based upon a reasonable belief that they were not violating applicable laws.

**CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

22. Plaintiffs, on behalf of themselves and all similarly situated employees, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

23. At all times, pertinent to this Complaint, each Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

24. At all times, pertinent to this Complaint, Plaintiffs and similarly situated employees were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

25. At all times, relevant herein, each Defendant was an "employer" of Plaintiffs and similarly situated employees as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

26. Defendants required Plaintiffs and similarly situated painters were "employed" as that term is defined under 29 U.S.C. § 203(g) of the Fair Labor Standards Act.

27. Defendants employed Plaintiffs and similarly situated employees for workweeks longer than forty (40) hours without compensating Plaintiffs and similarly situated employees at a rate of one-and-a-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

28. Plaintiffs and similarly situated employees are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

29. Defendants' violations of the FLSA were either willful or in reckless disregard of complying with the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated employees, seek judgment against the Defendants as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b. An award of compensatory damages in an amount equal to the unpaid overtime compensation owed to Plaintiffs and similarly situated employees pursuant to 29 U.S.C. § 216(b);

c. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

d. An award of the reasonable attorneys' fees and costs incurred by Plaintiffs and similarly situated employees in bringing this action; and

e. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiffs Ra'palo, and Galeana on their behalf and on behalf of all other similarly situated painters, hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. Bar No. 11162)
Mullaney Law
1037-D Chuck Dawley Blvd, Suite 104
Mount Pleasant, South Carolina 29464
(800) 385-8160 Phone & Fax
marybeth@mullaneylaw.net

*Attorney for Plaintiffs*

March 15, 2017
Mount Pleasant, South Carolina.