# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| ORLANDO RA'PALO, on behalf of himself and all others similarly situated, and LUIS GALEANA, on behalf of himself and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) Civil No. 9:17-cv-00710-DCN |
| vs. | ) ) **ORDER** |
| LUCAS DESIGNS INCORPORATED, BRIAN RICHARD LUCAS, individually, | ) ) ) |
| Defendants. | ) ) |

The following matter is before the court on defendants Lucas Designs Incorporated and Brian Richard Lucas ("defendants") motion to dismiss. ECF No. 6. For the following reasons, the court denies defendants' motion.

## I. BACKGROUND

Plaintiffs Orlando Ra'Palo and Luis Galeana, on behalf of themselves and all others similarly situated (collectively, "plaintiffs"), allege that defendants violated § 207 of the Fair Labor Standards Act, 29 U.S.C. 201, et seq. (the "FLSA"), by failing to pay them one-and-a-half times their regular rate of pay for hours worked in excess of 40 per week. Plaintiffs state that they were employed by defendants as residential and commercial painters between August of 2015 and August of 2016.[1] Compl. ¶¶ 12, 13. Plaintiffs further state that they had an employment agreement

---

[1] More specifically, both plaintiffs were employed until August 2016. Plaintiff Orlando Ra'palo began working for defendants in August 2015, while plaintiff Luis Galeana began his employment in March of 2016. Compl. ¶¶ 12, 13.

1

with defendants, whereby defendants agreed to pay plaintiffs an hourly wage for all hours worked. Id. ¶ 14. Plaintiffs claim that they "worked six (6) days a week," and "[s]ometimes they worked as many as twelve (12) hours a day." Id. ¶ 16. This arrangement allegedly resulted in plaintiffs working 15 to 20 hours of overtime a week without receiving proper compensation.[2] Id. ¶ 17. Finally, plaintiffs allege that "[d]efendants knew that [p]laintiffs [] were working over forty hours a week and were not being paid overtime." Id. ¶ 18.

Defendants filed the instant motion to dismiss on May 19, 2017. Plaintiffs filed a response in opposition on June 2, 2017. The matter is now ripe for the court's review.

## II.  STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2)

---

[2] The complaint states that plaintiffs "regularly worked approximately fifteen (15) to twenty (20) hours a week without receiving overtime compensation." Compl. ¶ 17. The court takes this to mean that plaintiffs regularly worked 15 to 20 hours for which they would be entitled to overtime compensation—i.e. that they regularly worked at least 55 to 60 hours per week.

requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient."  A Soc'y Without a Name v. Va., 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

### III.  DISCUSSION

Defendants argue that plaintiffs have failed to plead their claims with sufficient particularity under Rule 12(b)(6).  Def.'s Mot. 2.  Specifically, defendants take issue with plaintiffs' failure to identify "the number of hours worked each week, the number of unpaid hours of overtime worked in excess of 40 hours in a given week, the dates on which Plaintiffs worked those unpaid hours, or the wage rate alleged to be at issue."  Id. at 2.  Plaintiffs argue that defendants are attempting to impose an inappropriately stringent pleading standard, and that courts have long recognized a more relaxed pleading standard in the FLSA context.  Pls.' Resp. 3–6.

The Fourth Circuit's recent decision in Hall v. DIRECTV, LLC, 846 F.3d 757 (4th Cir. 2017), addressed the proper application of the Twombly and Iqbal pleading standard in FLSA cases.[3]  The court began by noting that "[a]lthough it is true that

---

[3] The court observes that the defendants in Hall have filed a petition for a writ of certiorari in the Supreme Court.  However, the court does not think defendants' motion in this case presents a particularly close question, even without Hall. Therefore, the court is comfortable proceeding with its analysis.  Should the Supreme

'the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests.'" Id. at 765 (quoting Wright v. North Carolina, 787 F.3d 256, 263 (4th Cir. 2015)). The court then turned to the question of whether the plaintiffs had presented "a sufficiently detailed accounting of the number of uncompensated hours they worked during their respective periods of employment to state a claim for unpaid overtime wages under the FLSA." Id. at 776. The court recognized that "a number of lower courts have adopted an approach under which plaintiffs are required to provide an approximation of the number of hours for which they were inadequately compensated to state a plausible overtime claim," while "at least three other circuits have adopted a more lenient approach, requiring plaintiffs only to 'sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" Id. (quoting Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013)). The court adopted the latter approach, holding that "to make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." Id. at 777. The court then elaborated on this standard, explaining that a plaintiff "must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay," but need not "identify a particular week in

---

Court take up the Hall case, the court will certainly revisit this decision to ensure that it is in compliance with whatever ruling the Supreme Court provides.

which they worked uncompensated overtime hours." Id. The court concluded its discussion by offering the following guidance:

> A plaintiff may meet this initial standard "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."

Id. (emphasis in original) (quoting Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014)).

Here, it is clear that the bulk of defendants' arguments are meritless. Under Hall, a plaintiff is simply not required to plead "the number of hours worked each week, the number of unpaid hours of overtime worked in excess of 40 hours in a given week, [or] the dates on which Plaintiffs worked those unpaid hours." Defs.' Mot. 2. The complaint need only contain "'sufficient detail about the length and frequency of [plaintiff's] unpaid work to support a reasonable inference that they worked more than forty hours in a given week.'" Hall, 846 F.3d at 777 (alteration added) (quoting Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013)). Plaintiffs have alleged that they worked six days a week and "sometimes" worked as much as 12 hours a day. Compl. ¶ 16. While it is technically unclear how often plaintiffs worked 12 hours a day or how many hours they worked on other days, plaintiffs were somehow working less than 6 hours for five days and then 12 for one day, their weekly hours would have exceeded 40 hours in any week they worked a 12 hour day. A plaintiff is not required to guard against such strange and unreasonable inferences. See Hall, 846 F.3d at 765 ("When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff."). The court

5

thinks it is entirely reasonable to assume that plaintiffs were working <u>at least</u> a regular, 8-hour work day.  If plaintiffs were working anything comparable to a 8-hour work-day—much less a 12-hour work day—they would easily exceed 40 hours a week simply because they were working 6 days a week.  Thus, the court finds that plaintiff's have properly pleaded that they worked over 40 hours a week.

   This resolves all but one of defendants' arguments—that plaintiffs' have failed to plead "the wage rate alleged to be at issue."  Def.'s Mot. 2.  In all fairness to defendants, one would expect plaintiffs to be able to plead such information, and the pleading template outlined in <u>Hall</u> does include an allegation regarding "the average rate at which [the plaintiff] was paid."  846 F.3d at 777 (internal quotation omitted).  However, the <u>Hall</u> court also recognized that a plaintiff could survive a motion to dismiss by pleading "<u>any other facts</u>" that would "support a reasonable inference that [the plaintiff] worked more than forty hours in a given week."  <u>Id.</u> (alterations added) (emphasis in original) (internal quotations omitted).  The <u>Hall</u> court also cited <u>Davis v. Abington Mem'l Hosp.</u>, 765 F.3d 236, 243 (3d Cir. 2014), where the Third Circuit explained that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of <u>those</u> forty-hour weeks, would suffice."  Thus, the <u>Hall</u> court seemed to recognize that a plaintiff may simply allege that he was not properly compensated for his overtime hours. Moreover, it is not clear why plaintiffs would need to plead their wage in order to put defendants on "fair notice" of their claims and the grounds on which they rest.  It is true that if plaintiffs had pleaded their hourly wage, it might make it somewhat easier

to prove or disprove their claim that they were not paid overtime, but that does not make it an essential part of the pleadings. Lastly, the court notes that it has previously allowed similar allegations to survive a motion to dismiss. See <u>Govan v. Whiting-Turner Contracting Co.</u>, 146 F. Supp. 3d 763, 767 (D.S.C. 2015) (denying motion to dismiss where plaintiff alleged that "he and other similarly situated employees had an employment agreement with defendants under which the defendants agreed to pay them at an hourly rate plus housing for all hours worked"). Therefore, the court finds that plaintiffs were not required to plead their average hourly wage.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendants' motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 21, 2017**
**Charleston, South Carolina**